IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NANCY CAMPBELL,

    Plaintiff,                              CASE NO.:

-VS-

TRANSWORLD SYSTEMS INC.,

    Defendant.
_____/

## COMPLAINT

COMES NOW Plaintiff, NANCY CAMPBELL, by and through the undersigned counsel, and sues Defendant, TRANSWORLD SYSTEMS INC., and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

## INTRODUCTION

1. The TCPA was enacted to prevent companies like TRANSWORLD SYSTEMS INC. from invading American citizen's privacy and prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct. 740, 745, 181 L.Ed. 2d 881 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242, 1256 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014."

## JURISDICTION AND VENUE

5. This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of attorney fees and costs.

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014)

8. The alleged violations described herein occurred in Pinellas County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person, and citizen of the State of Florida, residing in Pinellas County, Florida.

10. Plaintiff is a "consumer" as defined in Florida Statute 559.55(8) and 15 U.S.C. § 1692(a)(3).

11. Plaintiff is an "alleged debtor."

12. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

13. Defendant, TRANSWORLD SYSTEMS INC., is a corporation which was formed in California with its principal place of business located at 507 Prudential Road Horsham, Pennsylvania 19044 and which conducts business in the State of Florida through its registered agent, CT Corporation System located at 1200 S. Pine Island Road, Plantation, Florida 33324.

14. Defendant is a "debt collector" as defined by Florida Statute § 559.55(7) and 15 U.S.C. § 1692(a)(6).

15. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6) and U.S.C. § 1692(a)(5).

16. TRANSWORLD SYSTEMS INC. called Plaintiff approximately forty two (42) times in an attempt to collect on a medical debt.

17. TRANSWORLD SYSTEMS INC. attempted to collect an alleged debt from the Plaintiff by this campaign of telephone calls.

18. TRANSWORLD SYSTEMS INC. intentionally harassed and abused Plaintiff on numerous occasions by calling on back to back days, with such frequency as can reasonably be expected to harass, all in an effort related to collection of the subject alleged debt.

19. Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that she knew it was an autodialer because of the vast number of calls she received and because she heard a pause when she answered her phone before a voice came on the line from TRANSWORLD SYSTEMS INC.

20. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (727) ***-1707, and was the called party and recipient of TRANSWORLD SYSTEMS INC.'s calls.

21. TRANSWORLD SYSTEMS INC. placed an exorbitant number of automated calls to Plaintiff's cellular telephone (727) ***-1707 and to her work phone telephone in an attempt to collect on a medical debt.

22. On several occasions over the last four (4) years, Plaintiff instructed TRANSWORLD SYSTEM INC.'s agent(s) to stop calling her cellular telephone.

23. Despite Plaintiff informing Defendant to stop calling the Defendant's autodialer calls to Plaintiff's cellular phone continued. Between May 10, 2016 to August 12, 2016, Plaintiff made a non-exclusive log of forty (40) calls she received from the Defendant. Due to the volume and time period over which she received automated calls, Plaintiff was not able to properly catalogue each and every call from TRANSWORLD SYSTEMS INC.; however, attached hereto as Exhibit A is a small sampling.

24. Plaintiff estimates approximately forty two (42) calls to her cell phone post-revocation.

25. The autodialer calls from Defendant came from the telephone number(s) including but not limited to (800) 816-5569, and when that number is called a pre-recorded voice or agent answers and identifies the number as belonging to TRANSWORLD SYSTEMS INC.

26. TRANSWORLD SYSTEMS INC. has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to the Plaintiff's cellular telephone in this case.

27. TRANSWORLD SYSTEMS INC. has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as it did to

5

the Plaintiff's cellular telephone in this case, with no way for the consumer, or TRANSWORLD SYSTEMS INC., to remove the number.

28. TRANSWORLD SYSTEMS INC.'s corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to TRANSWORLD SYSTEMS INC. they wish for the calls to stop.

29. TRANSWORLD SYSTEMS INC. has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

30. TRANSWORLD SYSTEMS INC. has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call despite being requested to stop.

31. TRANSWORLD SYSTEMS INC. has had numerous complaints from consumers against them from across the country asking to not be called; however, the Defendant continues to call the consumers.

32. TRANSWORLD SYSTEMS INC.'s corporate policy provided no means for the Plaintiff to have her number removed from the call list.

33. TRANSWORLD SYSTEMS INC. has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not wish to be called.

34. None of TRANSWORLD SYSTEMS INC.'s telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

35. TRANSWORLD SYSTEMS INC. willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

36. From each and every call placed without express consent by TRANSWORLD SYSTEMS INC. to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon her right of seclusion.

37. From each and every call without express consent placed by TRANSWORLD SYSTEMS INC. to Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of her cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from TRANSWORLD SYSTEMS INC.'s call.

38. From each and every call placed without express consent by TRANSWORLD SYSTEMS INC. to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of her time. For calls she answered, the time she spent on the call was unnecessary as she had repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

39. Each and every call placed without express consent by TRANSWORLD SYSTEMS INC. to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of

Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

40. Each and every call placed without express consent by TRANSWORLD SYSTEMS INC. to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

41. Each and every call placed without express consent by TRANSWORLD SYSTEMS INC. to Plaintiff's cell phone where a voice message was left which occupied space in Plaintiff's phone or network.

42. Each and every call placed without express consent by TRANSWORLD SYSTEMS INC. to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely her cellular phone and her cellular phone services.

43. As a result of the answered and unanswered calls described above, Plaintiff suffered an invasion of privacy; Plaintiff was also affected in a personal and individualized way by stress, anxiety, trouble sleeping, and hindering her recovery from a medical condition which was aggravated by stress. Due to both answered and unanswered calls, Plaintiff suffered the expenditure of Plaintiff's time, exhaustion of Plaintiff's cellular telephone battery, unavailability of Plaintiff's cellular telephone while ringing, waste of Plaintiff's time, causing risk of personal injury due to distraction and trespass upon Plaintiff's chattels. All of the abovementioned were caused by, and/or directly related to, Defendant's attempts to collect a debt from the Plaintiff through the use of automated/predictive dialing technology.

## COUNT I
**(Violation of the TCPA)**

44. Plaintiff fully incorporates and realleges paragraphs one (1) through forty three (43) as if fully set forth herein.

45. TRANSWORLD SYSTEMS INC. willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified TRANSWORLD SYSTEMS INC. that she wished for the calls to stop.

46. TRANSWORLD SYSTEMS INC. repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff, Nancy Campbell, respectfully demands a trial by jury on all issues so triable and judgment against Defendant, TRANSWORLD SYSTEMS INC., for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
**(Violation of the FCCPA)**

47. Plaintiff fully incorporates and realleges paragraphs one (1) through forty three (43) as if fully set forth herein.

48. At all times relevant to this action TRANSWORLD SYSTEMS INC. is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

49. TRANSWORLD SYSTEMS INC. has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her family with such frequency as can reasonably be expected to harass the debtor or her family.

50. TRANSWORLD SYSTEMS INC. has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

51. TRANSWORLD SYSTEMS INC.'s actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff, Nancy Campbell, respectfully demands a trial by jury on all issues so triable and judgment against Defendant, TRANSWORLD SYSTEMS INC., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

### COUNT III
### (Violation of the FDCPA)

52. Plaintiff fully incorporates and realleges paragraphs one (1) through forty three (43) as if fully set forth herein.

53. At all times relevant to this action TRANSWORLD SYSTEMS INC. is subject to and must abide by 15 U.S.C. § 1692 *et seq*.

54. TRANSWORLD SYSTEMS INC. has violated 15 U.S.C. § 1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

55. TRANSWORLD SYSTEMS INC. has violated 15 U.S.C. § 1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

56. TRANSWORLD SYSTEMS INC. has violated 15 U.S.C. § 1692(f) by using unfair and unconscionable means to collect or attempt to collect any debt.

**WHEREFORE,** Plaintiff, Nancy Campbell, respectfully demands a trial by jury on all issues so triable and judgment against Defendant, TRANSWORLD SYSTEMS INC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/Frank H. Kerney, III, Esquire*
Frank H. Kerney, III, Esquire
Florida Bar #: 88672
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 223-5402
fkerney@forthepeople.com
jkneeland@forthepeople.com
cfallara@forthepeople.com
Counsel for Plaintiff